# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | Bankruptcy No. 14-22326-JAD |
| THREE RIVERS BAR AND GRILL, LLC, | : | Chapter 7 |
| *Debtor* | : | Doc. No. |
| Natalie Lutz Cardiello, Trustee | : | Hearing Date and Time: |
| Movant | : | |
| v. | : | |
| United States of America, Internal Revenue Service; Commonwealth of Pennsylvania, Department of Revenue; Commonwealth of Pennsylvania, Department of Labor and Industry; Pennsylvania Liquor Control Board; County of Allegheny | : | |
| Respondents | : | |

## MOTION FOR SALE OF PROPERTY FREE AND DIVESTED OF LIENS

AND NOW COMES Natalie Lutz Cardiello, Trustee, by and through her attorney, Natalie Lutz Cardiello, Esquire, and files this Motion for Sale of Property Free and Divested of Liens, and respectfully represents as follows:

1. Debtor filed a voluntary Chapter 7 Petition on June 05, 2014.

2. Natalie Lutz Cardiello was duly appointed and qualified as Trustee and has been so serving.

3. This Court has jurisdiction pursuant to 28 U.S.C. Section 1334, and this is a core proceeding within the meaning of 28 U.S.C. Section 157.

4. The Debtor is the owner of Restaurant Liquor License No. R-5412 (LID 66514) ("Liquor License") currently assigned to property located at 1714 Golden Mile Highway, Monroeville, PA 15146.

5. The Trustee wishes to sell the Liquor License pursuant to 11 U.S.C. §363(b) and (f).

6. The Debtor is a corporation and has not claimed, and is not entitled to claim, an exemption in the Liquor License.

## RESPONDENTS

7. Respondent, United States of America, Internal Revenue Service, is a governmental entity. The Internal Revenue Service has no known liens against the Liquor License. However, to the extent that any such lien is determined to exist, said lien shall be divested from the Liquor License and attach to the sales proceeds.

8. Respondent, Commonwealth of Pennsylvania, Department of Revenue ("Department of Revenue"), is a governmental entity. The Department of Revenue has no known liens against the Liquor License. However, to the extent that any such lien is determined to exist, said lien shall be divested from the Liquor License and attach to the sales proceeds.

9. Respondent, Commonwealth of Pennsylvania, Department Labor and Industry ("Department of Labor and Industry"), is a governmental entity. The Department of Labor and Industry has no known liens against the Liquor License. However, to the extent that any such lien is determined to exist, said lien shall be divested from the Liquor License and attach to the sales proceeds.

10. Respondent, Pennsylvania Liquor Control Board ("PLCB"), is a governmental entity. The PLCB has no known liens against the Liquor License. All sums due to the PLCB shall be paid at the closing on the sale of the Liquor License or at the time of transfer of same.

11. Respondent, County of Allegheny, is a governmental entity. The County of Allegheny has no known liens against the Liquor License. However, to the extent that any such lien is determined to exist, said lien shall be divested from the Liquor License and attach to the sales proceeds.

12. The scheduling of a party herein as a lien holder and/or interest holder, including but not limited to being scheduled as the holder of a lien, statutory, judicial or consensual, is without prejudice to the rights of the Trustee/estate, and/or any party in interest to challenge the validity, extent, and/or priority thereof, and/or to challenge the claim as to the debt, and/or the amount alleged due and owing thereon.

## TERMS OF SALE

13. The Trustee has received an offer of $60,000 for the Liquor License from Ohio Springs, Inc. The prospective purchaser has no known connection to the Debtor.

14. The terms and conditions of the sale are as follows:

(a) The sale shall be subject to higher and/or better offers;

(b) The Liquor License shall be sold "as is, where is," free and clear of all liens and encumbrances;

    (c) Closing shall be held within ten (10) days after the Order confirming the sale becomes final and nonappealable, or at such other time as may be acceptable to the Trustee's counsel; and

    (d) All sums due at closing shall be paid in immediately available funds.

15. In order to bid at the sale hearing a buyer must have a cashier's check or certified check in the amount of $3,000. The successful bidder will be required to deposit a non-refundable deposit of $3,000 at the time of the approval of the sale by the Court, with the balance to be paid at closing.

16. At the closing on the sale the Trustee shall deliver to the purchaser a Bill of Sale evidencing the sale of the Liquor License to the purchaser, his/her/its heirs, successors and/or assigns. Any party succeeding to rights of the purchaser hereunder shall be bound by the same terms and conditions as the original purchaser. The sale is not conditioned upon PLCB's approval of purchaser. Purchaser shall be responsible for the payment of all fees necessary to transfer the license, including but not limited to renewal fees, transfer fees, etc., and for completing any and all documents necessary to transfer the Liquor License, which documents shall be presented to the Trustee for review and signature.

17. In the event of the failure of the purchaser to remit payment in full within the required time frame, (or such extensions, not to exceed 30 days as the Trustee, in her sole and exclusive discretion, may accord to the purchaser) the Trustee may, at her option, declare a default, retain the deposit for the benefit of the estate, and resell the Liquor License, in which case the purchaser shall be liable for any deficiency.

18. The Trustee shall be authorized to execute any documentation necessary and/or appropriate to convey the Liquor License and effectuate the sale. The Trustee shall have authority to execute such documents regardless of whether the estate has been closed and the Trustee discharged.

19. The proceeds of sale of the Liquor License shall be used as follows, to wit:

    (a) to pay such costs as may be properly incurred, if any, customary closing expenses, and other such items as provided for in the motion or to effect said sale;

    (b) to pay any other such costs as may be properly incurred, if any, and other such items as provided for in the motion or to effect said sale;

    (c) to pay the Trustee's fees and expenses related to the sale and Trustee's counsel fees in searching for financing statements for the filing of the motion, drafting and filing the motion, representing the estate at the hearing and obtaining an order authorizing the sale, and closing of the same (which fees shall be reserved for but not paid out until such fees are approved by the Court for payment after motion duly filed seeking such approval and authorization for payment); and

   (d)  to pay lien holders, in the order of their priority, to the extent that the claim(s) are known and not disputed, and to the extent, if any, that a claim is disputed, the funds shall be retained pending further Order of Court.

  20. The Trustee has not given nor been given any consideration for her agreement hereto except as herein set forth.

  21.  The Trustee believes and therefore avers that the best interest of this Estate and its creditors will be served by this Court, pursuant to 11 U.S.C. §363(b) and (f), authorizing the sale of the Liquor License free and clear of all third party interests, liens, claims, charges and/or encumbrances against the same, if any.

  WHEREFORE, the Trustee prays this Honorable Court enter an Order authorizing this sale on the terms and conditions stated herein, and grant such other and further relief as it deems just and proper.

Dated:  January 15, 2015      Respectfully submitted,

            */s/Natalie Lutz Cardiello*
            Natalie Lutz Cardiello, Esquire
            PA ID# 51296
            107 Huron Drive
            Carnegie, PA 15106
            ncardiello@comcast.net
            (412) 276-4043